**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel A. SCHNEIDER, Defendant–Appellant.**

No. 02–3576.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before: GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

### ORDER

Daniel A. Schneider appeals the sentence imposed upon his conviction. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 20, 2001, Schneider was charged by information with one count of inducing travel in interstate commerce in execution of a scheme to defraud, in violation of 18 U.S.C. § 2314. He pled guilty as charged on September 24, 2001 pursuant to a written plea agreement. In a judgment entered on May 9, 2002, the district court imposed a sentence of 41 months in prison, 3 years of supervised release, a $100 special assessment, and $1.211,299.40 in restitution. This appeal followed.

In January of 2000, Craig Roberts formed a new commercial construction company, Corporate Construction and Contracting ("CCC"), made Schneider its president, and gave him a 45% ownership interest. Schneider met weekly with Roberts to discuss CCC's finances and business dealings. Based on Schneider's false representations that CCC was winning contracts but had temporary cash-flow

problems. Roberts was induced to travel from Cincinnati to Fort Mitchell. Kentucky, on May 16, 2001, to obtain a $300,000 line of credit from a Kentucky bank. Roberts also authorized Schneider to hire additional personnel and to lease four vehicles. In reality, no contracts existed and Schneider was converting corporate funds. He wrote checks for personal use, purchased a houseboat, and permitted his family members to use the leased vehicles. Due to Schneider's fraudulent acts, Roberts suffered a loss of approximately $103.550. Schneider admitted to FBI agents that he had also engaged in other fraudulent construction schemes in the region. The total loss suffered by all of Schneider's victims was calculated to be $1,211,299.40.

Schneider argues that the district court should not have enhanced his sentence pursuant to USSG § 3B1.3 because his position as president of CCC did not give him any special trust or skill to facilitate the fraudulent scheme. He contends that he was able to submit false information as a result of a substantially equal business-partnership relationship, not because of his position. He further argues that he did not exercise managerial control over his partner and that he was not subject to less scrutiny because of his title as president.

This court reviews de novo questions of law concerning a sentencing court's application of USSG § 3B1.3. *United States v. Gilliam,* 315 F.3d 614, 617 (6th Cir.2003); *United States v. Humphrey,* 279 F.3d 372, 379 & n. 4 (6th Cir.2002).

Section 3B1.3 of the Guidelines provides, in pertinent part, that a district court may enhance the sentence of a defendant who "abused a position of public or

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Ten-

nessee, sitting by designation.

private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense...." A position of trust is characterized by professional or managerial discretion and is subject to significantly less supervision than positions that are primarily non-discretionary in nature. *See* USSG § 3B1.3, cmt. n. 1. A position of trust arises when "a person ... intentionally makes himself ... vulnerable to someone in a particular position, ceding to the other's presumed better judgment some control over their affairs." *United States v. Brogan,* 238 F.3d 780, 783 (6th Cir.2001).

■ We conclude that Schneider's position as president was characterized by substantial professional discretion. As president, Schneider had control over the business checking account and could enter into contracts without approval from Roberts. This control contributed in a significant way to the commission and concealment of the offense. Schneider's position enabled him to write checks freely for his personal use, to falsify financial statements presented to Roberts, and to forge signatures on contracts. We conclude that one can occupy a position of trust in a substantially equal partnership where, as here, one partner has ceded to another control over certain affairs and the managing partner thus has professional discretion. Section 3B1.3 does not require the defendant to exercise managerial control over the victim; having either managerial or professional discretion is sufficient. Because Schneider occupied a position of trust, it is unnecessary to consider whether he also used a special skill in the offense. *See Humphrey,* 279 F.3d at 381.

■ Schneider next argues that his sentence should not have been enhanced for obstruction of justice. *See* USSG § 3C1.1. The district court imposed the enhancement for obstruction of justice because Schneider failed to fully disclose information about his assets in the financial information submitted for preparation in the Presentence Report or at any other time during the sentencing process. We will not disturb the sentencing court's application of § 3C1.1 unless clearly erroneous. *United States v. Boyd,* 312 F.3d 213, 217 (6th Cir.2002); *United States v. Jackson–Randolph,* 282 F.3d 369, 390 (6th Cir. 2002).

We conclude that the district court did not err by applying the § 3C1.1 enhancement to Schneider. One means of obstructing justice is destroying or concealing evidence material to an official investigation or judicial proceeding. *See* USSG § 3C1.1, cmt. n. 4(d). Schneider's failure to accurately disclose his assets interfered with the sentencing court's capacity to gauge his ability to pay restitution. Schneider could have refused to submit any financial information to the probation officer preparing the Presentence Report. *United States v. Stites,* 56 F.3d 1020, 1026 (9th Cir.1995) (rejecting the contention that [the defendant] obstructed justice by, on the advice of his attorney, not providing his current financial data to the probation officer). This does not, however, support the proposition that Schneider also had a right to provide inaccurate financial information to the probation officer. Schneider cannot agree to cooperate, submit incomplete and misleading information to the court, and then claim that he had no obligation to cooperate in the first place. The district court's decision to enhance Schneider's sentence for obstruction of justice was not clearly erroneous.

■ Schneider next argues that the district court erred by not reducing his offense level by a third point for acceptance of responsibility pursuant to USSG

§ 3E1.1(b). The government concedes in its brief that Schneider is entitled to this additional one-point reduction. We conclude that the district court committed clear error by denying Schneider the third point. A defendant who has qualified for a two-point reduction for acceptance of responsibility and who has an offense level of at least 16 without that reduction may qualify for an additional one-point reduction if he has timely provided complete information to the government concerning his involvement in the offense or has timely notified authorities of his intention to enter a plea of guilty. *See* USSG § 3E1.1(b). If the defendant qualifies either way, the additional one-point reduction should be given. *United States v. Robertson*, 260 F.3d 500, 507 (6th Cir.2001) (holding that "given the disjunctive language [of the guideline], so long as one of the two options has been satisfied, the additional one-point reduction should be given"). Schneider timely notified authorities of his intent to plead guilty, having entered his plea barely over a month after he was charged by information. This was at a sufficiently early point that the government avoided preparing for trial and the court could schedule its calendar efficiently. *See* USSG § 3E1.1, cmt. n. 6.

Accordingly, the district court's judgment is affirmed in part and vacated in part, and the action is remanded for further proceedings consistent with this opinion.