NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0511n.06

No. 09-5140

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jul 22, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| ROBERT DAMON BOWLING, JR., | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE: COLE and STRANCH, Circuit Judges; and ZATKOFF, District Judge.[1]

**ZATKOFF, District Judge**. Defendant Robert Bowling, Jr. ("Bowling") appeals his sentence of 360 months imposed by the district court upon acceptance of his guilty plea for production of child pornography. Specifically, Bowling contends that the district court erred when it applied a five-level sentencing enhancement under U.S.S.G. § 4B1.5(b) for engaging in a pattern of activity involving "prohibited sexual conduct" (*i.e.*, a repeat and dangerous sex offenders enhancement). For the reasons that follow, we **AFFIRM** the district court's sentence of 360 months and supervised release for a term of life.

**I. BACKGROUND**

_____

[1] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

On January 29, 2009, Bowling pleaded guilty to one count of production of child pornography under 18 U.S.C. § 2251 and one count of criminal forfeiture under 18 U.S.C. § 2253 in the United States District Court of the Eastern District of Kentucky according to a Fed. R. Crim. P. Rule 11 plea agreement. Bowling reserved his right to appeal the district court's sentence.

Bowling's sentence was based on the following facts. It is undisputed that in May of 2007, Bowling took approximately eighty-two images of himself and his then girlfriend's daughter, I.G., who was seven years of age at the time the images were taken. The images depict Bowling engaged in sexual conduct with I.G. and I.G. engaged in lascivious exhibition of herself. Bowling then transferred the images from a camera to his computer.

During an audio-recorded interview between Bowling and Kentucky State Police Detective Joey Peters, Bowling stated that one night he and I.G. had been asleep on the couch and that, when he woke up, I.G. was playing with his penis. Bowling further stated that, approximately two weeks later, he exposed his penis to I.G. Bowling stated that he eventually took sexually explicit images of I.G., but he contends that all of the images of I.G. were taken on one occasion. During the interview, Bowling, however, expressed difficulty remembering any details concerning the images. He also stated that he remembered engaging in sexual activity with I.G. at the time he took the images and that he had oral sex with I.G. on one occasion, but it is not clear whether this occurred on the same day Bowling took the images of I.G.

Detective Peters characterized the images of I.G. at the sentencing hearing. Detective Peters testified that the images depicted I.G. in the living room on a couch, in the bedroom, and in a bathroom in Bowling and his girlfriend's home. In these images, Detective Peters testified that I.G.

was wearing different clothing, including different colored underwear. Detective Peters further testified that the images were stored electronically on a computer disc seized from the home. The images were organized in separate folders. Each folder was created on separate dates, ranging from May 9, 2007, to May 17, 2007. The set of images stored within each folder depicted I.G. in the same location with I.G. wearing the same clothing.

Bowling also purportedly participated in producing images of child pornography involving a sixteen year-old female. Detective Peters testified that, at the time of Bowling's arrest, images of Bowling and the sixteen year-old female standing in a nude embrace were stored on a computer seized from his home. Detective Peters interviewed the female and determined that she was sixteen years old on the date that the computer was seized and that she had been living in the home with Bowling and his girlfriend.

Based on Bowling's conduct, the final presentence investigation report ("PSR") calculated that Bowling's base offense level is 32. He received a five-level enhancement for being a repeat and dangerous sexual predator (the enhancement disputed in this appeal), a four-level increase because his victim was under twelve years-old, a two-level increase because his offense involved a sexual act or sexual contact, and a two-level enhancement because the victim was in his custody, care, or supervisory control. He also received a three-level downward adjustment for acceptance of responsibility. His total offense level was 42, and his criminal history category was I.

Based on his total offense level and criminal history category, the Guidelines range for his sentence was 360 months to life with a statutory maximum sentence of thirty years under 18 U.S.C. § 2251(e). Bowling objected to the five-level enhancement for being a repeat and dangerous sexual

3

predator. At the sentencing hearing, the district court heard argument for and against the enhancement, as well as testimony from Detective Peters. Defense counsel also presented an audio-recording of the interview between Bowling and Detective Peters. Additionally, the government introduced images that depicted I.G. and images that depicted a sixteen year-old female. The district court rejected Bowling's argument and applied the five-level repeat and dangerous sexual predator enhancement based on the images of I.G. and a finding that Bowling confessed to a prior sexual act with I.G. or, in the alternative, that he had created child pornography with a sixteen year-old female. After denying Bowling's objection, the district court adopted the factual findings in the PSR and the Guidelines calculation. The district court accepted the plea agreement and then sentenced Bowling to 360 months of imprisonment, and upon release from imprisonment, supervised release for a term of life. After the sentence was imposed, Bowling filed a timely notice of appeal, which this Court has jurisdiction to entertain pursuant to 28 U.S.C. § 1291.

## II. STANDARD OF REVIEW

This Court "review[s] a district court's calculation of the advisory sentencing Guidelines as part of our obligation to determine whether the district court imposed a sentence that is procedurally unreasonable." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (quoting *United States v. Bullock*, 526 F.3d 312, 315 (6th Cir. 2008)). In reviewing the district court's sentence, "[t]he district court's interpretation of the advisory Guidelines is reviewed *de novo*, and its findings of fact are reviewed for clear error." *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 1106 (2010); *see Bullock*, 526 F.3d at 315–16.

4

### III.  ANALYSIS

Sentencing enhancements under the Guidelines must be proven by a preponderance of the evidence.  *See United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006); *see also United States v. Brown*, 327 F. App'x 526, 534 (6th Cir. 2006).  Relevant to Bowling's sentence, a defendant's base offense level is subject to a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct."  U.S. Sentencing Comm'n, *Guidelines Manual*,  § 4B1.5(b)(1).  For purposes of U.S.S.G. § 4B1.5(b), "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."  *Id.*, cmt. (n.4B(i)).[2]  "Prohibited sexual conduct" includes "the production of child pornography" and "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)."  *Id.,* cmt. n.4(A).

On appeal, Bowling does not dispute that his conviction for production of child pornography under 18 U.S.C. § 2251 constitutes a "covered sex crime," or that the production of child pornography is "prohibited sexual conduct."  Instead, he objects to the enhancement because he contends that there was insufficient evidence to prove he engaged in a pattern of activity with I.G. on more than one occasion.  In response, the Government argues that the district court properly applied the repeat and dangerous sex offenders enhancement because: (1) the evidence before the

---

[2] According to the § 4B1.5 application notes, an "occasion of prohibited sexual conduct may be considered . . . without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion."  U.S.S.G. § 4B1.5, cmt., (n.4(B)(ii)).

district court showed that the images of I.G. were taken on separate occasions; (2) Bowling produced child pornography involving a sixteen year-old female on a separate occasion; and (3) Bowling admitted to engaging in sexual activity with I.G. on at least two occasions.

In this case, we conclude, as the district court did, that the Government met its burden of showing, by a preponderance of the evidence, that Bowling engaged in "prohibited sexual conduct" on at least two separate occasions, thus satisfying the elements of the five-level repeat and dangerous sex offender enhancement.

In reviewing the record, there was sufficient evidence before the district court to conclude by a preponderance of evidence that Bowling produced images of I.G. on more than one occasion, thus engaging in a pattern of activity involving prohibited sexual conduct. The images depicted I.G. in a variety of locations in the home, including the living room, the bedroom, and the bathroom. In these images, I.G. is wearing different clothing, including different colored underwear. Moreover, the images were electronically stored in separate folders, which were created on different dates. Within each folder, the images of I.G. all appeared to be taken in the same location, with I.G. wearing the same clothing. These facts were supported by Detective Peter's testimony, the images introduced at the hearing, and the audio-recorded interview.

Further, although Bowling claims that the pictures were taken on only one occasion, he also claims that he downloaded the pictures onto the computer at one time, yet, the time stamps that indicate when the folders were created range from May 9, 2007, to May 17, 2007. He also denies any contact with a sixteen year-old female who also resided at the home. Yet, two images introduced by the government depict Bowling in a nude embrace with that female. Although the district court

6

did not clearly express that it determined that the images of I.G. were taken on multiple dates, "we may affirm on any grounds supported by the record, even though different from the grounds relied on by the district court." *United States v. Allen*, 106 F.3d 695, 700 n.4 (6th Cir. 1997); *accord United States v. Robertson*, 260 F.3d 500, 503 (6th Cir. 2001). As such, we find that the record supports the district court's five-level enhancement under U.S.S.G. § 4B1.5(b).[3]

Accordingly, we find that the district court's five-level enhancement under U.S.S.G. § 4B1.5(b) was appropriate, that the advisory Guidelines were calculated correctly, and that Bowling's sentence was not procedurally unreasonable. We further find that Bowling's sentence was substantively reasonable. A sentence within the advisory Guidelines range is afforded a rebuttable presumption of reasonableness, *Rita v. United States*, 551 U.S. 338, 347 (2007), and Bowling has not challenged the substantive reasonableness of his sentence.

## IV. CONCLUSION

For the reasons above, Bowling's sentence is AFFIRMED.

---

[3] The Government's remaining two arguments provide additional support for the district court's application of the enhancement. The record supports the district court's conclusion that Bowling engaged in "prohibited sexual conduct" on a separate occasion when he produced child pornography involving a sixteen year-old female and that Bowling's admitted sexual contact with I.G. prior to the occasion that he took the images was "prohibited sexual conduct" under U.S.S.G. § 4B1.5(b).