NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0502n.06

No. 22-1230

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 05, 2023 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| JAMES EARL ROBINSON, | ) |  |
| Defendant-Appellant. | ) | OPINION |
|  | ) |  |

Before: SUTTON, Chief Judge; WHITE and BUSH, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant James Earl Robinson appeals his sentence, imposed after he pleaded guilty to one count of possession of a firearm by a convicted felon, one count of possession with intent to distribute controlled substances, and one count of possession of a firearm in furtherance of a drug-trafficking crime. He challenges the district court's application of guideline and statutory enhancements based on his prior felony drug convictions. We **AFFIRM**.

**I.**

On January 27, 2021, after receiving a tip from a confidential informant that Robinson was selling methamphetamine and heroin, officers obtained a search warrant and stopped him in the parking lot of a Kalamazoo hotel. When they searched Robinson's car, the officers found roughly seven grams of suspected methamphetamine, one gram of heroin, and two digital scales, and Robinson informed them that he had a gun in his pocket. Laboratory analysis later revealed that the suspected methamphetamine contained 6.827 grams of methamphetamine with an approximate

purity of 98 percent. Robinson, an absconder from parole when he was arrested, was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2), and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). Robinson pleaded guilty to all three charges.

As required by 21 U.S.C. § 851, the government notified the court that it intended to seek an enhanced sentence based on two of Robinson's prior state-court convictions for delivery or manufacture of less than fifty grams of cocaine in violation of Michigan law. For those prior state-court convictions, Robinson received a sentence of one to twenty years on the first charge on November 14, 2005, and was first paroled on January 20, 2009. He was sentenced on July 13, 2009, to a term of twenty-nine months to thirty years on the second charge and paroled on April 21, 2015.

Ahead of his sentencing, Robinson argued that because Michigan law defines cocaine more broadly than federal law, the prior convictions could not serve as the basis for two sentencing enhancements—the career-offender enhancement in the Sentencing Guidelines, tied to prior convictions for "controlled substance offenses," and the increased statutory maximum in 21 U.S.C. § 841 for defendants with prior "felony drug offense" convictions.[1] Additionally, Robinson argued that the career-offender enhancement should not apply because the government had failed to show that his 2005 conviction resulted in incarceration within fifteen years of committing the charged

---

[1] Robinson also argued that Michigan law is broader than federal law because its definition of cocaine included [$^{123}$I]ioflupane, a radioactive cocaine derivative exempted from the federal controlled substances schedule. Robinson does not raise this issue on appeal.

federal offenses in January 2021. The district court held an evidentiary hearing on Robinson's objections, and both sides presented chemistry experts who testified to the scope of the Michigan and federal cocaine definitions. Ultimately, the court concluded that both enhancements applied— the career-offender enhancement because the Sentencing Guidelines do not require congruity between underlying state offenses and federal law, and the increased statutory maximum because the Michigan and federal definitions of cocaine covered the same substances. It further concluded that Robinson's 2005 conviction provided a valid basis for the career-offender enhancement because he had been continuously on parole for that offense up to the date of his sentencing.

Applying both enhancements, the presentence report (PSR) calculated the advisory Guidelines range as 262 to 327 months. The court imposed a total sentence of 262 months' incarceration: 120 months on Count 1; a concurrent 202-month sentence on Count 2; and a 60-month sentence on Count 3, consecutive to the sentences for Counts 1 and 2.

## II.

On appeal, Robinson challenges his sentence on four grounds. None provides a basis for reversal.

## A.

Robinson first argues that the district court incorrectly applied two sentencing enhancements based on his prior Michigan cocaine-possession convictions that raised his total offense level from 24 to 31. Absent these enhancements, Robinson's Guidelines range for Counts 1 and 2 would have been determined by the quantity and purity of the drugs found in his possession. However, because of Robinson's prior convictions, the district court applied the career-offender enhancement, which determines a defendant's offense level solely by reference to the offense's statutory maximum.

The career-offender enhancement applies if a defendant, whose instant offense is a felony crime of violence or controlled substance offense committed as an adult, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). The Guidelines leave "'controlled substance' otherwise undefined[.]" *United States v. Clark*, 46 F.4th 404, 408 (6th Cir. 2022).

Here, 21 U.S.C. § 841(b)(1)(C) supplied the relevant statutory maximum. That provision sets a twenty-year statutory maximum for possession with intent to distribute "a controlled substance in schedule I or II." 21 U.S.C. § 841(b)(1)(C). However, another enhancement—referred to as the "851 enhancement"—increases the statutory maximum to thirty years if the defendant has "a prior conviction for a felony drug offense." *Id.* The Controlled Substances Act defines "felony drug offense" as one "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *Id.* § 802(44). The definition of "narcotic drugs" includes "[c]ocaine, its salts, *optical and geometric isomers*, and salts of isomers." *Id.* § 802(17) (emphasis added).

The district court concluded that both enhancements apply because Robinson's two convictions for possession with intent to deliver less than fifty grams of cocaine in violation of Michigan Compiled Laws § 333.7401(2)(a)(iv) constitute "controlled substance offenses" within the meaning of the Guidelines and "felony drug offenses" within the meaning of § 841.

Robinson argues that this was error because Michigan law—which criminalizes "cocaine, its salts, *stereoisomers*, and salts of stereoisomers"—sweeps more broadly than federal law. Mich. Comp. Laws § 333.7214(a)(iv) (emphasis added). As a result, he argues, his Michigan convictions cannot serve as valid predicates for either enhancement, and the district court miscalculated the advisory Guidelines range.

"Whether a prior conviction counts as a predicate offense under the Guidelines is a question of law subject to de novo review," *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc), as are a district court's "determinations regarding statutory construction," *United States v. Felts*, 674 F.3d 599, 602 (6th Cir. 2012). Two recent Sixth Circuit decisions foreclose Robinson's argument. In *United States v. Jones*, this court held that the Guidelines' definition of a controlled substance offense is not "limited to substances criminalized under the Controlled Substances Act." 81 F.4th 591, 597 (6th Cir. 2023). The district court's application of the career-offender enhancement, which rested on its conclusion that "there doesn't need to be any congruity between federal law and state law" definitions of controlled substance, was therefore not erroneous. R.67, PID 694. And in *United States v. Wilkes*, this court concluded that Michigan law does not in fact criminalize a broader range of substances than federal law, as "the federal statutory term—optical and geometric isomers—is coextensive with the Michigan statutory term, stereoisomers." 78 F.4th 272, 285 (6th Cir. 2023).[2] Although this analysis came in the context of evaluating a mandatory minimum under the Armed Career Criminal Act, the *Wilkes* court interpreted the same federal and Michigan definitions at issue here. *See United States v. Johnson*, 2023 WL 5206447, at *2 (6th

---

[2] The court in *Wilkes* considered the testimony and reports of the same experts Robinson and the government presented in this case—Dr. Gregory B. Dudley for the defense, and Dr. Scott E. Denmark for the government. *See Wilkes*, 78 F.4th at 276.

Cir. Aug. 14, 2023) (applying *Wilkes*' holding to the definition of "serious drug felonies" under 21 U.S.C. § 841(b) because "it settled the meaning of cocaine under the Controlled Substances Act"). The district court's application of the 851 enhancement, which was based on its conclusion that both definitions covered the same substances, was therefore not erroneous either.

**B.**

Second, Robinson argues that the district court incorrectly applied the career-offender enhancement because his 2005 conviction does not qualify as a prior conviction under the Guidelines due to its age. Prior convictions can serve as predicates for the career-offender enhancement if they fall within the criteria outlined in Section 4A1.2 of the Guidelines. *United States v. Robertson*, 260 F.3d 500, 509 (6th Cir. 2001); U.S.S.G. § 4B1.2 cmt. n.3 ("The provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1."). Under Section 4A1.2, prior convictions count if they carried a "sentence of imprisonment exceeding one year and one month" either "imposed within fifteen years of the defendant's commencement of the instant offense" or that "resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1). Revocation of parole also factors into calculating the fifteen-year time period. *Id.* § 4A1.2(k)(2); *see, e.g.*, *United States v. Galaviz*, 645 F.3d 347, 362 (6th Cir. 2011). In cases of parole revocation, the applicable time period is determined based on "the date of last release from incarceration on such sentence." U.S.S.G. § 4A1.2(k)(2).

Robinson received a sentence of twelve months to twenty years on November 14, 2005, for his first Michigan cocaine-possession conviction. According to the PSR, he was paroled for this offense on January 20, 2009. Robinson appears to argue that because he was sentenced to a three to twenty-two year concurrent sentence for an unrelated criminal-sexual-conduct charge on that same day, the government did not establish by a preponderance of the evidence that the drug

conviction resulted in incarceration within the fifteen-year period—*i.e.*, after January 27, 2006. *See United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012) ("The government is required to establish the existence of a factor supporting a sentencing enhancement by a preponderance of the evidence."); *see also United States v. Tolliver*, 949 F.3d 244, 249 (6th Cir. 2020) (per curiam) (a preponderance of the evidence means "more likely than not").

However, Robinson's multiple parole violations resulted in terms of incarceration that bring the 2005 conviction within the fifteen-year period. After being paroled on the first cocaine possession charge on January 20, 2009, Robinson absconded from parole on February 5, 2009. He subsequently returned to custody "with [a] new charge" on July 16, 2009, which appears to be the 2009 cocaine-possession charge. R.39, PID 118. Robinson was sentenced for that offense on July 13, 2009, and paroled on both cocaine offenses on April 21, 2015. He then repeatedly absconded from parole and returned to custody for parole violations between June 2, 2015, and April 18, 2017; July 7, 2017, and November 14, 2018; and June 6, 2019, and June 10, 2020. After his June 10 release, he again absconded from parole on June 27, 2020. The Michigan Department of Corrections informed the Probation and Pretrial Services office that Robinson had been under its "continuous" jurisdiction since November 2005, and was still on parole for the 2005 conviction as of the date of his arrest in this case. *Id.*, PID 138. The government therefore did establish by a preponderance of evidence that Robinson's incarcerations for parole violations—which are listed in the PSR under both his 2005 and 2009 offenses—are attributable to the 2005 conviction, and that the 2005 conviction is a valid predicate conviction for the career-offender enhancement.

## C.

Third, Robinson argues that the district court erred in applying the higher sentencing range corresponding to high-purity methamphetamine. Methamphetamine of at least 80 percent purity

is classified as "Ice" under the Guidelines, U.S.S.G. § 2D1.1(c) n.C, and is converted at a ratio of ten times that of a methamphetamine mixture, *id.* § 2D1.1 cmt. n.8(D). Although the PSR concluded that Robinson was a career offender, it provided an alternate calculation of his base offense level without that enhancement. The converted drug weight drove that alternate calculation and in making it, the PSR classified the methamphetamine as Ice.[3] Relying on district-court decisions finding that the Guidelines' 10:1 enhancement for high-purity methamphetamine lacks empirical grounding, Robinson argues that its application constituted error.

But converted drug weight had no bearing on Robinson's ultimate sentence. Because the district court (correctly) applied the career-offender enhancement, it did not base Robinson's sentence on converted drug weight. Instead, it determined his sentence with reference to the statutory maximum for his § 841 charge, his acceptance of responsibility, and the mandatory five-year minimum sentence imposed by 18 U.S.C. § 924(c)(1)(A) on Count 3. Any irrationality in the Sentencing Guidelines' treatment of high-purity methamphetamine had no effect on Robinson's sentence and is therefore not a basis for reversal.

**D.**

Finally, Robinson argues that the district court imposed a substantively unreasonable sentence because it placed too much weight on the nature and circumstances of the offense and too little on mitigating factors. This court reviews the substantive reasonableness of a sentence for abuse of discretion, *United States v. Ruiz*, 777 F.3d 315, 319 (6th Cir. 2015), and "afford[s] a rebuttable presumption of reasonableness to a properly calculated, within-Guidelines sentence," *United States v. Graham*, 622 F.3d 445, 464 (6th Cir. 2010). A district court imposes a

---

[3] Without the career-offender enhancement, Robinson's base offense level would have been 24, rather than 34. If the methamphetamine had not been classified as Ice, his base offense level would have been 12.

substantively unreasonable sentence if it "selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (original alterations omitted) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).  Section 3353(a) factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the seriousness of the offense," and the need "to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3353(a)(1)-(2).

Robinson first argues that the Guidelines "overstated" his criminal history, as his prior convictions involved relatively small quantities of drugs.  Appellant's Br. at 39.  Second, he argues that his difficult upbringing and later substance-abuse issues—while "not a defense or an excuse"—contributed to his criminal history.  *Id.* at 40.  He raised similar arguments in his sentencing memorandum and during the sentencing hearing.  In considering the § 3553(a) factors, the district court concluded that a sentence within the Guidelines' range, albeit at the low end, was still warranted.  It reached this conclusion because methamphetamine and heroin were "two of the top three" most trafficked drugs in the Western District of Michigan, and it considered Robinson's combination of drug dealing and firearm possession dangerous and a "toxic mix."  R.67, PID 712-13.  It also noted that although Robinson's offenses were "not the worst drug dealing situation that the [c]ourt has seen," specific deterrence was needed given his multiple parole violations.  *Id.*, PID 713.  Additionally, the district court recommended that Robinson receive substance-abuse treatment while incarcerated.  *See Webb*, 403 F.3d at 385 (concluding the district court took the personal characteristics of the defendant into account by recommending he participate in drug-treatment and education programs while incarcerated).  The district court therefore neither relied

9

solely on the nature and circumstances of the offense, nor failed to consider the factor Robinson argues should have been mitigating—his history and characteristics.[4]  That it viewed his history and characteristics differently or assigned them less weight than Robinson hoped for does not overcome the presumption that the within-Guidelines sentence imposed was reasonable.  *See United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

## III.

For these reasons, we **AFFIRM**.

---

[4] Although the district court addressed Robinson's personal characteristics, it did not explicitly mention his upbringing. However, Robinson brings a substantive unreasonableness challenge based on an argument that the district court gave impermissible weight to one factor, rather than a procedural reasonableness claim based on the adequacy of the district court's explanation of its sentence.  *See United States v. Jeter*, 721 F.3d 746, 756 (6th Cir. 2013).