**UNITED STATES of America**

v.

**Lewis Gray NAYLOR, Jr., Defendant.**

**No. 1:04CR00051.**

United States District Court,
W.D. Virginia,
Abingdon Division.

March 7, 2005.

S. Randall Ramseyer, Assistant United States Attorney, Abingdon, VA, for United States.

Edward G. Stout, Jr., Bristol, VA, for Defendant.

## OPINION SETTING FORTH REASONS FOR SENTENCE

JONES, Chief Judge.

For the reasons set forth in this opinion, I find it reasonable to sentence the defendant below the advisory sentencing guideline range.

The defendant, Lewis Gray Naylor, Jr., pled guilty on December 16, 2004, to a charge of conspiracy to manufacture more than fifty grams of a mixture of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999 & Supp. 2004). In his written plea agreement with the government, Naylor stipulated that the following provisions of the United States Sentencing Guidelines were applicable to his conduct:

| 2D1.1(c)(7) | 26 | Base Offense Level |
| 2D1.1(b)(5)(B) | +3 | Creation of substantial risk of harm to human life. |

(Plea Agreement ¶ 5.) Naylor also stipulated that "other Sentencing Guideline sections may be applicable to [his] case and the United States and [he] will be free to argue that these other sections should or should not apply, to the extent that the arguments are not inconsistent with the stipulations set forth in the plea agreement." (*Id.*) The government agreed to recommend a sentence of incarceration at the low end of the applicable sentencing range.

Following Naylor's plea, a probation officer of this court prepared a presentence investigation report ("PSR") to assist the court in sentencing. The PSR recommended that Naylor be considered a career offender under the Sentencing Guidelines because he had at least two prior convictions of crimes of violence. In particular, the PSR found that Naylor had

been sentenced on April 27, 1990, following convictions of eight counts of breaking and entering by a state court in North Carolina, which counts were consolidated for sentencing. In addition, Naylor had been sentenced on July 10, 1990, for conviction of one count of breaking and entering by the same state court. All nine counts of breaking and entering had occurred over a six-week period during which Naylor had turned seventeen years old, when he broke into separate residences and stole firearms, jewelry, cash, and other items.[1]

Had Naylor not been classified as a career offender, the PSR report found that his guideline calculation under the Sentencing Guidelines would have been a Total Offense Level of 26, with a Criminal History Category of VI, for an incarceration range of 120 to 150 months. However, based on his career offender status, Naylor had a Total Offense Level of 31, again with a Criminal History Category of VI, resulting in a range of 188 to 235 months imprisonment.

■ While the Sentencing Guidelines are not mandatory, *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 745, 160 L.Ed.2d 621, —— (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp.2004). *Id.* at 767. Accordingly, the first step for a federal sentencing court after *Booker* is to "determine the range prescribed by the guidelines after making such findings of fact as are necessary." *United States v. Hughes*, 396 F.3d 374, 381 (4th Cir.2005).

■ In order to qualify as a career offender under the Sentencing Guidelines, a defendant must have been at least eighteen years old at the time of the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2004). A "crime of violence" includes the burglary of a dwelling. USSG § 4B1.2(a)(2). The term "two prior felony convictions" means that the sentences for at least two of the felony convictions are counted separately pursuant to the criminal history provisions of the Sentencing Guidelines. USSG § 4B1.2(c)(2). Sentences that resulted from convictions for offenses that were part of a single common scheme or plan are considered related and are not counted separately. USSG § 4A1.2 cmt. n. 3.[2] In determining this latter question, "courts have looked to whether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only be-

---

1. Naylor had a possible third career offender predicate conviction in that the PSR recited that in 2000 he had been sentenced for several drug offenses by a state court in North Carolina. However, the information available to the probation office did not indicate whether or not these offenses were felonies (Naylor received probation) and the government accordingly obtained leave to withdraw its information filed in the present case pursuant to 21 U.S.C.A. § 851 (West 1999) advising Naylor that he was eligible for an enhanced sentence because of a prior felony drug offense.

2. Eight of the defendant's prior breaking and entering convictions were consolidated for sentencing and thus are considered related per se and are not counted separately. *See* USSG § 4A1.2 cmt. n. 3.

cause of an accident of geography." *United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir.1996). All of these factors need not be present, but more than a few must exist. *Id.*

In spite of the fact that on the slim record before me the defendant's breaking and entering convictions do appear to share commonalities, no objection was made to the use of these convictions as predicates for the defendant's career offender status. Accordingly I will accept the PSR's finding that the defendant is a career offender. *See* Fed.R.Crim.P. 32(f) (party must state in writing any objection to presentence report prior to sentencing); USSG § 6A1.2 (same).[3]

Under *Booker*, in order to fashion a reasonable sentence, I must not only take into account the guideline range as determined under the Sentencing Guidelines, but also other legitimate considerations. Those other considerations lead me in this case to impose a sentence below the range calculated with reference to the career offender guideline. In particular, I find that Naylor's young age when he committed the predicate offenses undercuts the need to rely on those convictions to enhance his sentence.

■ Naylor's nine convictions for breaking and entering were based on offenses that began on November 24, 1989, and ended on January 3, 1990. Naylor turned seventeen on December 11, 1989. As the Supreme Court has recently noted, there are significant differences in the moral responsibility for crime between adults and juveniles· under eighteen. *See Roper v. Simmons*, ―― U.S. ――, 125 S.Ct. 1183,

1194–96, ―― L.Ed. ―― (2005) (holding that the execution of persons under the age of eighteen at the time of their crime is unconstitutional). Juveniles have an underdeveloped sense of responsibility, are more vulnerable to negative influences and peer pressure, and their character is not as well formed as an adult's. *Id.* at 1195–96. Thus, "it is less supportable to conclude that even a heinous crime committed by a juvenile is evidence of irretrievably depraved character." *Id.*

I do not hold that career offender status cannot be imposed on any defendant whose predicate convictions were for crimes occurring before age eighteen. In this case, however, a due regard for the "history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1), convinces me that these prior convictions should not be used to enhance the sentence as suggested by the guidelines.

Moreover, while the guidelines classify the defendant as a career offender, that classification depends on close distinctions that do not justify an enhanced sentence here. Under the career offender guidelines, a predicate felony must be an "adult" conviction, but that definition includes a conviction for an offense committed before age eighteen "if it was classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted,"as in the present case. USSG § 4B1.2 cmt. n. 1. Moreover, convictions that were imposed outside of the applicable time limits for counting prior sentences for criminal history are also excluded. *See* USSG § 4B1.2 cmt. n. 3; *United States v. Robertson*, 260 F.3d 500, 509 (6th Cir.

---

3. Perhaps the reason that no objection was made was because if the breaking and entering convictions had been objected to and found not to be separate for career offender purposes, the government would have attempted to show that the defendant's later drug convictions were felonies. If the drug convictions were felonies, then the separateness of the breaking and entering convictions would be without significance, since the defendant would have had the necessary predicate convictions.

2001). As a practical matter this prevents convictions for offenses committed under age eighteen from being counted in many cases as predicate offenses.

Thus, if Naylor had been treated as a juvenile in 1990 when he was charged with these crimes, some of which he committed when he was only sixteen years old, or if his present crime had been committed a few months later, so has to bar the use of the 1990 convictions, he would not have been classified as a career offender. These technical distinctions concerning age, which have such ramifications for the ultimate sentence, persuade me that I should not apply the career offender enhancement.

For the foregoing reasons, I determine that a reasonable sentence for Naylor is 120 months imprisonment, within the sentencing range had he not been determined to be a career offender. This sentence takes into account the Sentencing Guidelines, while at the same time giving consideration to the defendant's individual history.