[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11518
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cr-00020-HL-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLIE JAMES STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 6, 2016)


Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charlie Stevens appeals his conviction and 160-month sentence after pleading guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c).  No reversible error has been shown; we affirm.

I.

On appeal, Stevens first argues that his guilty plea was not entered knowingly and voluntarily.  Because Stevens failed to object to the adequacy of his plea proceedings in the district court, we review this argument only for plain error.  See United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999).

In determining whether a plea was knowing and voluntary, the district court must address three core concerns underlying Fed. R. Crim. P. 11: (1) whether the plea was free from coercion; (2) whether defendant understood the nature of the charges; and (3) whether defendant understood the consequences of his guilty plea.  United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

The district court committed no plain error in determining that Stevens's guilty plea was knowing and voluntary.  First, nothing evidences that Stevens was

coerced into pleading guilty.  Although Stevens's trial lawyer advised Stevens strongly to plead guilty, Stevens's lawyer stressed repeatedly that the final decision about whether to plead guilty or to proceed to trial was up to Stevens.  "A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty."  United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

We also reject Stevens's contention that he was coerced by the government.  Although the prosecutor told Stevens at the plea hearing that the government's plea offer (in which the government agreed to dismiss two of the three counts against Stevens and to withdraw the section 851 enhancement) would expire at the end of the day, that notice amounted to no coercion.  Stevens still had ample time to consider his options and to discuss his plea with his lawyer.  The deadline imposed only the common pressure faced by all defendants who consider pleading guilty.  See id. ("All pleas of guilty are the result of some pressures or influences on the mind of the defendant.").

Moreover, at the plea hearing, the district court expressly told Stevens that the decision whether to plead guilty was up to him and gave Stevens several opportunities to discuss the decision with his lawyer.  Then, Stevens declared that he had not been coerced into pleading guilty; and a strong presumption exists that statements made during the plea colloquy are true.  See United States v. Medlock,

3

12 F.3d 185, 187 (11th Cir. 1994).  That Stevens struggled with the difficult

decision about whether to plead guilty is no evidence that his plea was coerced.

The record also demonstrates that Stevens understood the charges against

him.  Given the district court's statement of the charge, the "simple" nature of the

charge, and Stevens's stipulation to the facts supporting the charge -- in addition to

Stevens's statement that he understood the charge against him -- the district court

committed no plain error in determining that Stevens in fact understood the nature

of the charge.  See United States v. Puentes-Hurtado, 794 F.3d 1278, 1286 (11th

Cir. 2015) (the sentencing court's short statement of the charge was sufficient

when defendant was charged with a "simple" offense: conspiracy to possess with

intent to distribute drugs).

About Rule 11's third "core concern", the district court informed Stevens of

his right to plead not guilty, his right to assistance of counsel at trial, his right to

confront and cross-examine witnesses at trial, and his right against self-

incrimination.  See Hernandez-Fraire, 208 F.3d at 950-51.  The government also

explained the terms of the plea agreement, including the possible penalties Stevens

would face if he pleaded guilty compared to the possible penalties he could face if

he proceeded to trial and was found guilty.[1]  Because Stevens was informed of the

---

[1] The government explained expressly that if Stevens was found guilty after trial, he would face a sentencing range between 262 and 327 months' imprisonment.  In the alternative, Stevens would face a sentencing range of only 151 to 188 months' imprisonment if he pleaded guilty

4

rights he was giving up by pleading guilty and of the possible sentences he could receive under the plea agreement, the district court found properly that Stevens understood the consequences of pleading guilty.[2]

## II.

Stevens next challenges the district court's determination that Stevens's 2003 Georgia felony conviction for possession with intent to distribute marijuana qualified as a "controlled substance offense" for purposes of applying the career offender enhancement under U.S.S.G. § 4B1.1(a). Because Stevens raises this argument for the first time on appeal, we review only for plain error. See United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009).

The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

_____

pursuant to the plea agreement.

[2] To the extent Stevens contends his plea was rendered involuntary by his trial lawyer's failure to pursue a motion to suppress evidence, that argument is in essence a claim of ineffective assistance of counsel. We decline to consider that claim on direct appeal; the issue is more appropriately addressed in a motion to vacate under 28 U.S.C. § 2255, on a more fully developed record. See United States v. Puentes-Hurtado, 794 F.3d 1278, 1285 (11th Cir. 2015).

Georgia law makes it "unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." O.C.G.A. § 16-13-30(j)(1). A person who violates section 16-13-30(j)(1) is guilty of a felony and "shall be punished by imprisonment for not less than one year nor more than ten years." Id. § 16-13-30(j)(2).

Because section 16-13-30(j)(1) lists disjunctively "possession" and "possession with intent to distribute" -- thereby creating separate offenses -- the statute is divisible. See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013) (a statute is "divisible" when it "sets out one or more elements of the offense in the alternative"); see also Vines v. State, 675 S.E. 2d 260, 264-65 (Ga. Ct. App. 2009) (finding evidence sufficient to support conviction for possession of marijuana under O.C.G.A. § 16-13-30(j)(1), but vacating a conviction for possession with intent to distribute where insufficient evidence existed of defendant's intent to distribute).

Thus, we apply the modified categorical approach in determining which of the alternative crimes established in O.C.G.A. § 16-13-30(j)(1) formed the basis for Stevens's 2003 conviction. See Descamps, 133 S. Ct. at 2283-84. Here, the undisputed facts in Stevens's PSI show that Stevens was convicted under Georgia law of possession with intent to distribute marijuana (not mere possession of

6

marijuana).  Cf. United States v. Ramirez-Flores, 743 F.3d 816, 823 (11th Cir. 2014) ("a sentencing court applying the modified categorical approach may consider undisputed facts contained in the PSI").

Stevens's 2003 conviction thus satisfies each of the criteria under the Guidelines' definition of a "controlled substance offense."  First, Stevens was convicted of a state offense punishable by at least one year in prison.  Second, Stevens was convicted of possession with intent to distribute marijuana: a controlled substance under federal law.  See 21 U.S.C. §§ 802(6); 812, Schedule I(c)(10) (listing marijuana as a Schedule I controlled substance).  That marijuana may not constitute a "controlled substance" under Georgia law is immaterial.  The Guidelines are governed by definitions set forth in federal law, not state law. United States v. Tamayo, 80 F.3d 1514, 1523 (11th Cir. 1996).  Moreover, because Stevens's conviction was punishable as a felony under Georgia law, it qualified as a "prior felony conviction" under the Guidelines.  See U.S.S.G. §§ 4B1.2 comment. 1 (defining "prior felony conviction" as a conviction punishable as a felony under either federal or state law).  The district court committed no plain error in concluding that Stevens's 2003 conviction constituted a qualifying conviction for purposes of the career offender enhancement in section 4B1.1(a).

AFFIRMED.

7