# United States Court of Appeals
## For the First Circuit

No. 19-2140

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEPH CROCCO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Kayatta and Barron, Circuit Judges,
and Smith,[*] District Judge.

Joshua L. Gordon, for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom Scott W. Murray, United States Attorney, was on brief, for appellee.

September 27, 2021

---

[*] Of the District of Rhode Island, sitting by designation.

**SMITH**, **District Judge**.  Joseph Crocco challenges his twelve-year sentence for bank robbery.  He argues, inter alia, that the District Court erred in treating his prior state-court marijuana conviction as a controlled substance offense under the career-offender provision of the United States Sentencing Guidelines.  We affirm.

## I. Background

On September 25, 2018, a jury found Crocco guilty of one count of bank robbery in violation of 18 U.S.C. § 2113(a).  His lengthy criminal record included a 1995 North Carolina conviction for voluntary manslaughter and a 2012 Virginia conviction for possession of marijuana with intent to distribute.  Based on those two convictions, the District Court concluded that Crocco was a career offender under § 4B1.1(a)(3) of the Guidelines.  Crocco did not argue that those prior offenses failed to meet the criteria for guideline enhancement.  The career-offender designation placed him in criminal history category VI and increased his offense level from twenty-four to thirty-two.  Accordingly, the District Court determined that the guideline imprisonment range was 210 to 240 months.  The court varied downward, sentencing Crocco to a prison term of 144 months.  Without the contested marijuana predicate and career offender designation, the guideline range would have been 77 to 96 months.

## II. Discussion

Crocco argues that, for multiple reasons, his Virginia conviction for possession of marijuana with intent to distribute is not a "controlled substance offense" under § 4B1.1(a)(3) of the Guidelines and that the District Court therefore should not have classified him as a career offender. As we outline below, Crocco did not present any of these arguments to the District Court and did not raise some in his opening brief here. While these contentions may have had some purchase had they been timely raised, he establishes neither plain error nor a sufficient reason to excuse waiver.

To determine whether a prior conviction qualifies as a predicate offense, a court applies either the categorical or modified categorical approach. United States v. Mohamed, 920 F.3d 94, 101 (1st Cir. 2019) (citing Mathis v. United States, 136 S. Ct. 2243, 2249 (2016)). Neither side points to the modified approach, so we will review and employ the standard protocol. The first step is to identify the applicable definition of the enhancement provision. See Taylor v. United States, 495 U.S. 575, 600-02 (1990). Then, we compare that enhancement definition to the statute of prior conviction as it existed at the time of that conviction. See United States v. Abdulaziz, 998 F.3d 519, 525 (1st Cir. 2021) (citing McNeill v. United States, 563 U.S. 816,

820 (2011)). The conviction counts as a predicate offense only if every possible violation of that statute (putting aside truly outlandish hypotheticals) fits within the enhancement definition. See Descamps v. United States, 570 U.S. 254, 261 (2013) (citing Taylor, 495 U.S. at 600).

For example, in United States v. Ellison, 866 F.3d 32, 34 (1st Cir. 2017), the defendant argued that his conviction for bank robbery was not a "crime of violence" under the Guidelines and that he therefore should not have been classified as a career offender. We consulted the Guidelines' applicable enhancement definition, which provided that a "crime of violence" included "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. (quoting U.S.S.G. § 4B1.2(a) (Nov. 1, 2015)). The defendant's statute of conviction prohibited "tak[ing], or attempt[ing] to take, from the person or presence of another[,]" any property "belonging to, or in the care, custody, control, management, or possession of" a banking institution "by force and violence, or by intimidation." Id. at 35 (quoting 18 U.S.C. § 2113(a)). The defendant argued that, because the statute could be violated through mere intimidation – as opposed to force or violence – it was not a categorical fit. Id. at 35-39. However,

- 4 -

we determined that intimidation necessarily involved a threat of bodily harm, and so the statute categorically fit within the Guidelines' applicable definition.  Id. at 37-40.

Here, the applicable enhancement definition comes from § 4B1.2(b) of the Guidelines, which provides that a "controlled substance offense" is an offense under a federal or state law that prohibits a number of specific actions involving a "controlled substance" (e.g., manufacture, distribution, possession with intent to distribute, etc.).  See U.S.S.G. § 4B1.2(b).  The violation must also be punishable by more than a year in prison.[1] Id.

Crocco's arguments concern only the requirement that the offense involve a "controlled substance."[2]  Confusion arises in cases like this one because, unfortunately, § 4B1.2(b) does not define that term.  To fill in this gap, several of our sister circuit courts have held that the federal Controlled Substances Act (CSA), 21 U.S.C. § 801 et seq., must provide the definition. See United States v. Bautista, 989 F.3d 698, 702 (9th Cir. 2021);

---

[1] The definition also includes offenses involving counterfeit substances, which are not at issue here.  See U.S.S.G. § 4B1.2(b).

[2] At the time of Crocco's state-court guilty plea, the pertinent Virginia statute provided that it was "unlawful for any person to sell, give, distribute or possess with intent to sell, give, or distribute marijuana."  Va. Code Ann. § 18.2-248.1 (2006) (amended 2020).  While the maximum punishment is unclear, judging by Crocco's sentence, it was more than a year in prison.

United States v. Townsend, 897 F.3d 66, 68, 71 (2d Cir. 2018); United States v. Gomez-Alvarez, 781 F.3d 787, 793-94 (5th Cir. 2015). Three other circuits have held (after Crocco's sentencing) that, where a prior conviction is handed down in state court, a substance criminalized under that state's laws is a "controlled substance" under the Guidelines, even if absent from the federal CSA. See United States v. Henderson, No. 20-2594, 2021 WL 3817853, at *3-5 (8th Cir. Aug. 27, 2021); United States v. Ward, 972 F.3d 364, 371–72 (4th Cir. 2020); United States v. Ruth, 966 F.3d 642, 654 (7th Cir. 2020).

This court has not weighed in on this debate and, given the posture of this appeal, will not do so now. However, as this scenario (and others) will doubtless arise in the future, some additional discussion may be helpful.

The federal-CSA approach advanced by the Second, Fifth, and Ninth Circuits refers to the federal drug schedule to determine if a substance is a "controlled substance." Because we are interpreting the federal sentencing guidelines and utilizing the categorical approach (a creation of federal case law), this federally based approach is appealing. Had this approach been argued to the District Court, it likely would have been utilized given that the Fourth, Seventh, and Eighth Circuits' diverging holdings had not yet been issued at the time of Crocco's

- 6 -

sentencing. And, for reasons discussed below, the District Court may have determined that Crocco's marijuana conviction was not a categorical match under the federal CSA.

The competing approach endorsed by the Fourth, Seventh, and Eighth Circuits looks to state law to supply the definition of "controlled substance," but this approach is fraught with peril. For example, which version of state law should supply the definition of the predicate offense: the version in effect at the time of the instant federal sentencing, the one in force at the time of the previous state-court conviction, or another version?[3] Of course, federal courts cannot blindly accept anything that a state names or treats as a controlled substance. Such an approach would "turn[] the categorical approach on its head by defining [a controlled substance offense] as whatever is illegal under the particular law of the State where the defendant was convicted." Esquivel-Quintana v. Sessions, 137 S. Ct. 1562, 1570 (2017) (considering generic definition of sexual abuse of a minor). For this reason, perhaps, the Fourth and Seventh Circuits each

_____

[3] One thing is certain: if the federal CSA is chosen as the source of the definition, it is the version of the federal CSA in effect at the time of the instant federal sentencing that governs. See United States v. Abdulaziz, 998 F.3d 519, 531 (1st Cir. 2021). By the same token, where a sentencing court is determining whether a prior federal conviction is a categorical match, the court must use the version of the federal CSA in effect at the time of the instant sentencing (not at the time of the prior conviction). See id.

consulted a dictionary to circumscribe the term.  See <u>Ruth</u>, 966 F.3d at 654 (defining controlled substance as "any of a category of behavior-altering or addictive drugs, such as heroin or cocaine, whose possession and use are restricted by law" (quoting <u>Controlled Substance</u>, The Random House Dictionary of the English Language (2d ed. 1987))); <u>Ward</u>, 972 F.3d at 371 (defining controlled substance as "any type of drug whose manufacture, possession, and use is regulated by law" (emphasis omitted)(quoting <u>Controlled Substance</u>, Black's Law Dictionary 417 (11th ed. 2019))).  But these dictionary definitions beg the question because they rely on the substance being "regulated" or "restricted" by law.  Even the choice of dictionary can matter.  For example, Merriam-Webster defines a controlled substance to be "a drug that requires permission from a doctor to use."  See <u>Controlled Substance</u>, Merriam-Webster Online Dictionary,https://www.merriam- webster.com/dictionary/controlled%20substance.  Under this seemingly reasonable definition, a defendant could argue that none of the Schedule I drugs -- such as heroin and ecstasy -- should be considered controlled substances because none can be prescribed by a doctor under federal law.  See 21 U.S.C. § 829 (authorizing prescriptions for drugs on Schedule II, III, IV, and V only); 21 C.F.R. § 1308.11 (listing Schedule I drugs).  As Chief Judge Gregory noted in his concurring opinion in <u>Ward</u>, "[w]hereas the categorical approach was intended to prevent

inconsistencies based on state definitions of crimes, the majority's approach creates them." 972 F.3d at 383-84 (citing Taylor, 495 U.S. at 588).

And finally, there is the question of whether a prior state conviction for a substance (such as marijuana) in an amount which has been decriminalized under that state's law (but not federally) should count as a controlled substance offense under § 4B1.2(b): the federal approach might suggest it should, while the answer is less clear under the state-law approach and could depend on the timing issue we recently decided in Abdulaziz, 998 F.3d at 531. See supra note 3. We do not have occasion to address these issues here because they have not been properly raised; but they will arise in the future, and when they do, counsel should raise them to the district court.[4]

---

[4] This broad sketch of the legal landscape also demonstrates why it is problematic that the U.S. Sentencing Commission currently is without sufficient members to conduct business. These issues are ones that cry out for a national solution in the form of an amendment to the Sentencing Guidelines. It makes little sense for career-offender criteria to vary from circuit to circuit based on whether a federal-law or state-law approach is chosen. The career-offender designation can have significant implications in setting the base guideline range -- here, it raised Crocco's guideline range from 77-96 months to 210-240 months. And, moreover, the rapidly evolving changes in state marijuana legalization (and the lack of movement for similar federal drug reform legislation, see, e.g., Marijuana Freedom and Opportunity Act, S. 1552, 116th Congress (introduced May 20, 2019)) will continue to challenge sentencing courts trying to make sensible decisions about whether a defendant should be considered a career offender and what

Having sketched this ambiguous terrain, we now turn to Crocco's specific arguments. As he notes, Virginia has long treated marijuana differently from other drugs. See Ruplenas v. Commonwealth, 275 S.E.2d 628, 630 (Va. 1981). One set of statutory provisions regulates so-called "controlled substances," see, e.g., Va. Code Ann. § 18.2-248, and another regulates marijuana, see, e.g., id. § 18.2-248.1. Crocco therefore argues that his Virginia conviction should not count as a "controlled substance offense". This argument was not raised below, so we review for plain error. See United States v. Ortíz-Mercado, 919 F.3d 686, 689 (1st Cir. 2019).

As a general principle, if a question of law is unsettled in this circuit, and a conflict exists among other circuits, any error in resolving the question will not be "plain or obvious." See United States v. Lewis, 963 F.3d 16, 27 (1st Cir. 2020) (quoting United States v. Diaz, 285 F.3d 92, 96 (1st Cir. 2002)). Here, the circuit split regarding the source of the definition of controlled substance (state vs. federal law) thwarts the claim of plain error. Moreover, even if state law were chosen as the source, it is not clear or obvious that the exact wording used by the state ("controlled substance" or otherwise) would control the

sentence he should receive. A fully functioning Sentencing Commission would go a long way in assisting courts navigating these issues.

inquiry. See United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (stating that an error must be clear or obvious in order to constitute plain error).

Crocco points to this court's recent decision in Abdulaziz (issued after this case was argued) as an alternative basis for overturning his sentence. There, the parties agreed that the federal CSA provided the definition. Abdulaziz, 998 F.3d at 523.[5] Operating under that framework, we held that the definition of controlled substance must be keyed to the version of the CSA in effect at the time of the instant federal sentencing -- not a prior version. Id. at 531. Because hemp had been legalized prior to the defendant's federal sentencing, and because he had been convicted under a Massachusetts marijuana law that included hemp in its definition of marijuana, the defendant's prior conviction was not a categorical match. Id. at 522-524, 531.

In a supplemental brief filed after oral argument, Crocco argues that his prior conviction, like Abdaluziz's, should not qualify as a controlled substance offense due to the federal legalization of hemp. In the same filing, he also points out that Virginia legalized hemp between the time of his state-court conviction and his federal sentencing. See Va. Code Ann. § 18.2-

_____

[5] The government's late-breaking argument to the contrary in that case was rejected based on waiver. United States v. Abdulaziz, 998 F.3d 519, 523 n.2 (1st Cir. 2021).

- 11 -

247(D) (as amended by 2019 Va. Acts ch. 653). These arguments, not raised in his opening brief, are waived. See United States v. Mayendía-Blanco, 905 F.3d 26, 32 (1st Cir. 2018) (citing Landrau-Romero v. Banco Popular De P.R., 212 F.3d 607, 616 (1st Cir. 2000)). But even putting waiver aside, Crocco cannot establish plain error due to the myriad unanswered, unbriefed questions described above. Thus, even construing Crocco's argument as claiming that the District Court erred by not applying the federal-law approach outlined above, or alternatively, that even a state-law-based categorical approach would have yielded a favorable result, the legal conclusions advocated by Crocco are neither clear nor obvious. See Padilla, 415 F.3d at 218 (1st Cir. 2005).

Next, Crocco argues that his classification as a career offender and his resulting sentence were substantively unreasonable (a) because he was barely eighteen years old at the time of one of his prior offenses and (b) because marijuana's legal status has experienced a sea change in recent years. We review these claims of substantive unreasonableness for abuse of discretion. See United States v. Arsenault, 833 F.3d 24, 28 (1st Cir. 2016).

Crocco does not point to any precedent requiring a court to disregard prior offenses that involved marijuana or that were committed shortly after reaching the age of eighteen. Instead, he

- 12 -

makes a compelling case that, in a court's exercise of its "duty . . . to make evaluative judgments" regarding a defendant's criminal history, United States v. Merritt, 755 F.3d 6, 12 (1st Cir. 2014), both youthfulness and changes in societal mores should play important roles.[6]

Here, after hearing detailed argument regarding Crocco's life and criminal history, the District Court seemingly determined that the guideline range overstated the seriousness of his record. Following the very approach advocated by Crocco, the District Court thus sentenced Crocco to well below the suggested range.[7] Accordingly, we will not disturb the sentence. See United States

---

[6] In support, Crocco points to cases in which courts have done exactly that. See United States v. Lawrence, 916 F.2d 553, 554 (9th Cir. 1990) (affirming district court's decision to downwardly depart because the Guidelines "significantly over-represent[ed] the seriousness of [the] defendant's criminal history[,]" which primarily involved marijuana convictions (quoting U.S.S.G. § 4A1.3, policy statement)); United States v. Naylor, 359 F. Supp. 2d 521, 524-25 (W.D. Va. 2005) (sentencing the defendant based on the non-career-offender guideline range, even though he met the designation based on offenses that he committed before he turned eighteen, based on the "history and characteristics of the defendant" (quoting 18 U.S.C. § 3553(a)(1))).

[7] For this reason, Crocco's reliance on United States v. Howard, 773 F.3d 519 (4th Cir. 2014), is misplaced. There, the district court departed from the guideline range of 120-121 months, sentencing the forty-year-old defendant to life plus sixty months in prison, partly based on crimes he committed during adolescence. See id. at 529-536. The Fourth Circuit's decision, which held the upward departure to be substantively unreasonable, says little about the instant case, where the District Court gave a sentence below the guideline range. See id.

v. <u>King</u>, 741 F.3d 305, 310 (1st Cir. 2014) ("It is a rare below-the-range sentence that will prove vulnerable to a defendant's claim of substantive unreasonableness.").

Lastly, Crocco argues that his state-court marijuana sentence, which at the time of the instant offense was suspended on the condition of good behavior, should not have been treated as a "criminal justice sentence" under § 4A1.1(d) of the Guidelines. Because we affirm Crocco's designation as a career offender, which automatically placed him in the highest criminal history category, the additional criminal history points under § 4A1.1(d) have no effect on his guideline range. <u>See</u> U.S.S.G. § 4B1.1(b). We therefore decline to reach this issue. <u>See</u> <u>United States</u> v. <u>Davis</u>, 873 F.3d 343, 346 (1st Cir. 2017).

### III. Conclusion

The sentence is **<u>affirmed</u>**. So ordered.