# SUPREME COURT OF THE UNITED STATES

## THOMAS JAVION GUERRANT *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 21–5099.  Decided January 10, 2022

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE BARRETT joins, respecting the denial of certiorari.

Defendants who have two prior felony convictions for a "controlled substance offense" qualify as "career offender[s]" under the Federal Sentencing Guidelines.  See United States Sentencing Commission, Guidelines Manual §4B1.1(a) (Nov. 2021) (USSG).  As a result, they generally face dramatically higher sentencing ranges for their crime of conviction.

This petition implicates a split among the Courts of Appeals over the proper definition of a "controlled substance offense," and, accordingly, over which defendants qualify as career offenders.  In relevant part, USSG §4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of" such substances with intent to engage in such activities.  The Guidelines do not define the term "controlled substance."

The Second and Ninth Circuits have turned to federal law to define the term: In those Circuits, a defendant has committed a controlled substance offense only if the offense involved a substance listed in the Controlled Substances Act (CSA), 21 U. S. C. §801 *et seq.*  See *United States* v. *Bautista*, 989 F. 3d 698, 702–704 (CA9 2021); *United States* v. *Townsend*, 897 F. 3d 66, 68, 71 (CA2 2018).  The First and Fifth Circuits have not directly resolved the question, but

have indicated agreement with this approach. See *United States* v. *Crocco*, 15 F. 4th 20, 23–25 (CA1 2021) (describing reference to federal law as "appealing" and reference to state law as "fraught with peril"); *United States* v. *Gomez-Alvarez*, 781 F. 3d 787, 792–794 (CA5 2015) (relying on the CSA to interpret the term "controlled substance" in USSG §2L1.2). In contrast, the Fourth Circuit, where the instant petition arose, along with the Seventh, Eighth, and Tenth Circuits, defines what qualifies as a "controlled substance" based on the relevant state law. See *United States* v. *Jones*, 15 F. 4th 1288, 1291–1296 (CA10 2021); *United States* v. *Henderson*, 11 F. 4th 713, 718–719 (CA8 2021); *United States* v. *Ward*, 972 F. 3d 364, 371–374 (CA4 2020); *United States* v. *Ruth*, 966 F. 3d 642, 651–654 (CA7 2020). Defendants in those Circuits therefore qualify as career offenders for federal sentencing purposes even if their only prior offenses involved substances not prohibited under federal law. As a result, they are subject to far higher terms of imprisonment for the same offenses as compared to defendants similarly situated in the Second or Ninth Circuits.[*]

It is the responsibility of the Sentencing Commission to address this division to ensure fair and uniform application of the Guidelines. Cf. *Braxton* v. *United States*, 500 U. S. 344, 348 (1991). In March 2021, I wrote concerning an unresolved Circuit split over the proper interpretation of a Guideline. See *Longoria* v. *United States*, 592 U. S. ___. The Sentencing Commission lacked a quorum of voting members then, and it still does today. At this point, the Sentencing Commission has not had a quorum for three full

_____

[*]The Sixth and Eleventh Circuits have issued internally inconsistent decisions on the question. See *United States* v. *Solomon*, 763 Fed. Appx. 442, 447 (CA6 2019) (noting inconsistency in past opinions); *United States* v. *Stevens*, 654 Fed. Appx. 984, 987 (CA11 2016) (federal law); *United States* v. *Peraza*, 754 Fed. Appx. 908, 909–910 (CA11 2018) (state law).

years.  As the instant petition illustrates, the resultant un-resolved divisions among the Courts of Appeals can have direct and severe consequences for defendants' sentences.  I hope in the near future the Commission will be able to resume its important function in our criminal justice system.