# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2022

Lyle W. Cayce
Clerk

No. 20-50929

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMON BELDUCEA-MANCINAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-273-1

Before SOUTHWICK, HAYNES, and HIGGINSON, *Circuit Judges*.
PER CURIAM:*

Ramon Belducea-Mancinas pleaded guilty to possession of marijuana with intent to distribute. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court applied the career offender enhancement under U.S.S.G. § 4B1.1(b)(3) and sentenced Belducea-Mancinas within the guidelines range to 151 months of imprisonment followed by three years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50929

Belducea-Mancinas now argues that the district court erred in classifying his prior marijuana-related federal convictions in 2010, 2012, and 2017 as controlled substance offenses for purposes of U.S.S.G. § 4B1.2(b). Because, as Belducea-Mancinas concedes, he did not object in the district court to the application of the career offender guideline, we review for plain error. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). To show plain error, Belducea-Mancinas must demonstrate a non-affirmatively-waived error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). "Once those three conditions have been met, 'the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

Belducea-Mancinas contends that the district court plainly erred by applying the career offender guideline based on his prior marijuana convictions because those convictions are no longer categorical "controlled substance offenses" following Congress's 2018 removal of hemp from the list of federal controlled substances contained in the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801-971. However, this Court has never held that a pre-2018 predicate conviction does not qualify as a "controlled substance offense" for purposes of the career offender guideline because hemp was subsequently removed from the CSA prior to the time of federal sentencing. *See United States v. Nava*, No. 21-50165, 2021 WL 5095976, at *2 (5th Cir. Nov. 2, 2021) (unpublished), *cert. denied*, 142 S. Ct. 1241 (2022) (rejecting a similar argument that a prior marijuana importation offense could not be considered a controlled substance offense because, although "other circuit courts" had taken such a position, "the question remains an open one

2

No. 20-50929

in the Fifth Circuit"). Because the case law in this circuit is unsettled, Belducea-Mancinas cannot show the second prong of plain error—for "[w]hen the case law is unsettled, we cannot say that any error is clear or obvious." *United States v. Ramos Ceron*, 775 F.3d 222, 226 (5th Cir. 2014); *see also United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005) ("[I]f a defendant's theory requires the extension of precedent, any potential error could not have been plain." (internal quotation marks and citation omitted)).

Accordingly, the judgment of the district court is AFFIRMED.

No. 20-50929

Stephen A. Higginson, *Circuit Judge*, concurring:

Though I agree this case does not meet the high bar of plain error, I write separately to note my opinion that there was sentencing error. Under the holding and reasoning applied by us in *United States v. Gomez-Alvarez*, 781 F.3d 787 (5th Cir. 2015), we define "controlled substance" in U.S.S.G. § 4B1.2(b) with reference to the CSA. *See Gomez-Alvarez*, 781 F.3d at 793-94 ("For a prior conviction to qualify as a [U.S.S.G. § 2L1.2] 'drug trafficking offense,' the government must establish that the substance underlying that conviction is covered by the CSA."); *United States v. Arayatanon*, 980 F.3d 444, 453 n.8 (5th Cir. 2020) ("Because the qualifying prior convictions in § 2L1.2 and § 4B1.2(b) are defined in substantially the same way, 'cases discussing these definitions are cited interchangeably.'" (citation omitted)). By the time of Belducea-Mancinas' sentencing, the CSA had been amended in the Agriculture Improvement Act of 2018 to explicitly exclude hemp, defined as "any part of the *cannabis sativa* plant containing a THC concentration of 0.3 percent or less." 7 U.S.C. § 1639o(1); 21 U.S.C. § 802(16)(B)(i); *see also* Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 12619(a), 132 Stat. 4490, 5018 (2018).

I would further agree with the First, Fourth, Sixth and Ninth Circuits that courts must apply the version of the CSA in effect at the time of federal sentencing. *See United States v. Abdulaziz*, 998 F.3d 519, 524-31 (1st Cir. 2021); *United States v. Crocco*, 15 F.4th 20, 23 n.3 (1st Cir. 2021) ("One thing is certain: if the federal CSA is chosen as the source of the definition, it is the version of the federal CSA in effect at the time of the instant federal sentencing that governs."); *United States v. Williams*, 850 Fed. App'x 393, 398 (6th Cir. 2021) (unpublished) ("[T]he district court should have employed the schedule (federal or state) effective at the time of sentencing."); *United States v. Bautista*, 989 F.3d 698, 703-04 (9th Cir.

4

2021); *see also United States v. Hope*, 28 F.4th 487, 504-05 (4th Cir. 2022) (in the Armed Career Criminal Act context). This conclusion of our sister circuits accords with the general proposition that the applicable Sentencing Guidelines is the version in effect at sentencing. *See, e.g., Peugh v. United States*, 569 U.S. 530, 537-38 (2013) (citing 118 U.S.C. § 3553(a)(4)(ii); U.S.S.G. § 1B1.11); *Dorsey v. United States*, 567 U.S. 260, 275 (2012) ("The Sentencing Commission has . . . instructed sentencing judges to 'use the Guidelines Manual in effect on the date that the defendant is sentenced,' regardless of when the defendant committed the offense, unless doing so 'would violate the *ex post facto* clause.' . . . [T]herefore when the Commission adopts new, lower Guidelines amendments, those amendments become effective to offenders who committed an offense prior to the adoption of the new amendments but are sentenced thereafter." (citation omitted)); *United States v. Scott*, 654 F.3d 552, 554 n.2 (5th Cir. 2011) ("A defendant must be sentenced under the version of the Guidelines in effect at sentencing, unless doing so would violate the Ex Post Facto Clause of the Constitution.").