# United States Court of Appeals
## For the First Circuit

No. 18-1193

UNITED STATES,

Appellee,

v.

GIEZI ARCE-CALDERON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Thomas Trebilcock-Horan and Trebilcock & Rovira, LLC on brief for appellant.
Antonio L. Perez-Alonso, Assistant U.S. Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, Chief, Appellate Division, on brief for appellee.

April 1, 2020

**LYNCH**, **Circuit Judge**.  Giezi Arce-Calderon ("Arce") pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime and possession with intent to distribute a controlled substance.  The district court sentenced Arce to 108 months' imprisonment for the firearm offense and an additional six months' imprisonment for the controlled substance offense.

Arce appeals only his sentence for the controlled substance offense.  He argues that the sentence is procedurally unreasonable because the district court overruled his objection to a statement included in the Amended Pre-Sentence Investigation Report ("PSR").  Arce also argues that the sentence is substantively unreasonable because, in his view, the court did not consider certain information which showed a lower sentence would have sufficed.  We find no error and so affirm.

I.

A.  Facts

On March 25, 2016, in Carolina, Puerto Rico, two Puerto Rico Police Department ("PRPD") officers stopped a car for violating a traffic law.  One of the officers saw a pistol near the driver and arrested him when he did not produce a weapons permit for the pistol.

The officers then ordered Arce, the backseat passenger, to step out of the car. When Arce got out of the car, the officers saw another pistol where Arce had been sitting.  The officers

arrested Arce and found an extended magazine in his pocket. When the PRPD later searched the car at the police station, they found a five-gallon bucket filled with over 300 containers of marijuana.[1] The PRPD also discovered that both pistols had been converted into machineguns and so could fire automatically.

B.    Procedural History

On March 30, 2016, a grand jury indicted Arce for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 1"); possession of a machinegun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) ("Count 2"); and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) ("Count 3").

On June 30, 2017, Arce pleaded guilty to Counts 1 and 3. In exchange, the government agreed to dismiss Count 2. The plea agreement provided that Arce and the government would recommend a different upwardly variant sentence for Count 1. The agreement also provided that they would together recommend for Count 3 a

---

[1] These containers were "twenty two (22) assorted size pressure bags similar to zip-lock-type bags . . . , fifty five (55) small baggies . . . , eighty five (85) small cylindrical containers . . . [and] one hundred and fifty nine (159) medium size cylindrical containers." Law enforcement also found eighteen white pills, drug paraphernalia, and a gun cleaning kit in the car.

sentence "at the lower end of the applicable Guideline Sentencing Range."

The PSR included information from the affidavit supporting the criminal complaint against Arce that, after his arrest, Arce had told the officer guarding him that: "'Yo estaba esperando la oportunidad, porque los iba a ser sentir la presion de la poderosa', which means 'I was waiting for the opportunity, because I was going to make you feel the pressure of the powerful.'" When asked whether he was referring to the seized gun, Arce responded "'tu sabes', which means 'you know' and [Arce then] made a physical affirmative answer."

Arce objected to, and denied making, this statement. He argued that this statement was not "relevant conduct" and lacked sufficient indicia of reliability.

On February 22, 2018, the district court overruled Arce's objection. It ruled that the statement was not being used as "relevant conduct" and had sufficient indicia of reliability. The district court then calculated Arce's guidelines range as sixty months' imprisonment for Count 1 and zero to six months' imprisonment for Count 3. The court stated that it had "reviewed the applicable advisory guideline calculations and . . . ha[d] considered the 18 [U.S.C. §] 3553(a) factors." The district court considered the nature of the weapons seized from the car and the threat Arce posed to the community. It also considered that Arce

- 4 -

was twenty-eight years old, had two daughters, had obtained a high school diploma, and, at the time of his arrest, worked as a refrigeration technician. The court stated that Arce had a history of substance abuse, had no prior convictions, but did have many prior arrests.[2] The court sentenced Arce to 108 months' imprisonment for Count 1 and six months' imprisonment for Count 3, with the terms to be served consecutively. This appeal followed.

## II.

On appeal, Arce challenges only his sentence for Count 3.[3]

### A. Standard of Review

Our review of a sentencing appeal is bifurcated. "[W]e first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Abreu-García, 933 F.3d 1, 4 (1st Cir. 2019) (alteration in original) (quoting United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015)). We review for abuse of discretion the procedural reasonableness of Arce's sentence. United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010).

---

[2] Arce does not argue, and the record does not indicate, that the district court improperly relied on Arce's past arrests.

[3] Arce's plea agreement contains a Waiver of Appeal. This waiver bars an appeal of a Count 1 sentence "within the range of 84 to 108 months" and a Count 3 sentence at "the lower end of the applicable guideline range." In consequence, the Waiver barred Arce from appealing his Count 1 sentence.

We assume favorably to Arce that abuse of discretion review applies to his substantive reasonableness claim.[4]  United States v. Hinkley, 803 F.3d 85, 92 (1st Cir. 2015).

B.    Procedural Reasonableness

Arce argues on appeal that his sentence is procedurally unreasonable because the district court should have excluded the statement in the PSR that Arce was "'waiting for the opportunity' to 'make [the officers] feel the pressure of the powerful," that is, Arce's machinegun.[5]  This argument lacks merit.

"Generally, a PSR bears sufficient indicia of reliability to permit the district court to rely on it at sentencing."  United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003) (quoting United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001)).  If a defendant objects to information in the PSR, he or she must provide "countervailing proof."  Id.  If the

_____

[4]    The parties dispute whether abuse of discretion or plain error review applies to the substantive reasonableness challenge. But we need not address this issue, because Arce's challenge fails under either standard.  See United States v. Gierbolini-Rivera, 900 F.3d 7, 14-15 (1st Cir. 2018); see also Holguin-Hernandez v. United States, 140 S. Ct. 762, 767 (2020) (Alito, J., concurring) (stating that, although "a defendant who requests a specific sentence during a sentencing hearing need not object to the sentence after its pronouncement in order to preserve a challenge to its substantive reasonableness (i.e., length) on appeal," the Court has not decided "what is sufficient to preserve any 'particular' substantive-reasonableness argument").

[5]    Arce does not challenge the district court's calculation of the applicable guidelines range.

- 6 -

defendant's objection is "merely rhetorical," the district court may rely on the contents of the PSR.  Id.

Arce has provided no countervailing proof that the statement in the PSR was unreliable.  He neither offered to testify nor provided an affidavit regarding the statement.  Arce merely denied in his written objection that he made the statement, and claims that the PSR does not state how or from whom the affiant learned of the statement.

Moreover, the district court did not abuse its discretion in concluding that the contested statement bore sufficient indicia of reliability.  First, as the district court stated, the statement was "memorialized in the affidavit attached to the Complaint . . . , which was made contemporaneous to the events."[6]  See United States v. Phaneuf, 91 F.3d 255, 262 (1st Cir. 1996) (holding that the district court properly relied on the "sworn affidavit" of the investigating officer at sentencing).  Second, the statement was detailed.  See United States v. Rodriguez, 336 F.3d 67, 71 (1st Cir. 2003) (approving of a district court's reliance at sentencing on an "uncorroborated" proffer that was "thorough and replete with details").  Finally, the affidavit

---

[6]    A district court may consider hearsay at sentencing as long as it "has sufficient indicia of trustworthiness to warrant a finding of probable accuracy."  United States v. Rodriguez, 336 F.3d 67, 71 (1st Cir. 2003).

- 7 -

states the source of the affiant's knowledge:  "discussions and interviews of other federal, state and local law enforcement agents."[7]

C.    Substantive Reasonableness

Arce argues that his sentence was substantively unreasonable in that his sentence on Count 3 should have been zero months, and so the cumulative sentence of 114 months was too great. He argues the sentence was too much for a young man with no prior convictions.

"A sentence is substantively reasonable when . . . the sentencing court [gives] a plausible sentencing rationale and reached a defensible result."  Abreu-García, 933 F.3d at 6 (internal quotation marks omitted) (quoting United States v. Rodríguez-Adorno, 852 F.3d 168, 177 (1st Cir. 2017)).

After stating that it considered all of the § 3553(a) sentencing factors, the district court gave a plausible sentencing rationale:  that Arce posed a "danger and . . . threat to the safety of the community" and the sentence must "deter future criminal behavior of this nature by [Arce]."  The court then reached a defensible result:  a within-guidelines sentence of six months' imprisonment.  See United States v. Cortés-Medina, 819

---

[7]    We need not address the government's argument that the district court did not rely on the contested statement because any consideration of the statement by the district court was proper.

F.3d 566, 572 (1st Cir. 2016) ("[A] reviewing court may apply 'a presumption of reasonableness' to a within-the-range sentence." (quoting Rita v. United States, 551 U.S. 338, 347, 351 (2007))).[8]

Arce also argues that the sentence is unreasonable because the parties jointly recommended a sentence of zero months. Not so. We do not "accord any decretory significance to such non-binding recommendations -- or even . . . require a sentencing court to explain why it decided to eschew those recommendations." Cortés-Medina, 819 F.3d at 573. Further, Arce argues that the district court put too much weight on the possession of a firearm even though Count 3 was a controlled substance offense. But the court properly considered Arce's possession of a firearm as part of the nature and circumstances of the offense, see 18 U.S.C. § 3553(a)(1), and the weighing of the relevant sentencing factors is largely within the broad discretion of a sentencing court, see United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

In fact, in reaching this result, the district court did consider the evidence Arce claims supports a zero-month sentence for Count 3 and found it insufficient to warrant a lower sentence.

---

[8] To overcome this presumption, Arce "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons." United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir. 2017) (quoting Cortés-Medina, 819 F.3d at 572). Arce has not done so.

It was not substantively unreasonable for the court to impose some time for the controlled substance offense.

III.

Affirmed.