# United States Court of Appeals

## For the First Circuit

No. 18-1747

UNITED STATES OF AMERICA,

Appellee,

v.

ERICK JOEL REYES-BARRETO,

Defendant-Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

---

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

---

Luis A. Guzmán Dupont for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney,
Chief, Appellate Division, with whom Rosa Emilia Rodríguez-Vélez,
United States Attorney, and Antonio L. Perez-Alonso, Assistant
United States Attorney, were on brief, for appellee.

---

January 27, 2022

---

**HOWARD, <u>Chief Judge</u>.** Erick Joel Reyes-Barreto contests the reasonableness of a twelve-month prison sentence that was imposed after he committed and admitted to a series of supervised release violations. The government argues that Reyes-Barreto's appeal is moot because he was released from incarceration in April 2019, even though he is still serving his term of supervised release. For the reasons set forth below, we conclude that Reyes-Barreto's appeal has not become moot as result of his release from incarceration. We nonetheless affirm the sentence as being procedurally and substantively reasonable.

## I. Background

In April 2013, Reyes-Barreto pled guilty to a single count of conspiracy with intent to distribute heroin, and he was sentenced to a five-year prison sentence by the United States District Court for the Western District of New York. Reyes-Barreto also received four years of supervised release, which began on October 7, 2016. The District of Puerto Rico assumed the management of Reyes-Barreto's supervised release in June 2017. In early February 2018, Reyes-Barreto's probation officer notified the court that he had violated various terms of his supervised release. The violations included failing to follow his probation officer's instructions, lying to and moving without notifying the officer, and committing an offense by driving without a license. Reyes-Barreto admitted to all of these violations.

On February 26, 2018, Reyes-Barreto's probation officer notified the court that he had tested positive for marijuana, another violation. Reyes-Barreto denied using the drug, but a positive test result suggested otherwise, and the court approved the probation officer's request for modified conditions, including electronic monitoring and home detention. In mid-April 2018, the probation officer returned to the court to report further transgressions, including: being away from home too late; twice leaving home without permission; and -- although he was not charged -- being arrested with two others who possessed illegal drugs, a gun, and a stolen vehicle. Reyes-Barreto did not contest these violations.

The court held a revocation of supervised release hearing on July 17, 2018, and noted that Reyes-Barreto's Grade C violation, per U.S.S.G. § 7B1.1(a)(3), along with his Criminal History Category of I, resulted in an advisory guidelines range of three to nine months' incarceration. See U.S.S.G. § 7B1.4(a). The court also observed that the statutory maximum was three years' incarceration. Reyes-Barreto's counsel asked for a sentence of four months' incarceration and six additional months of supervised release. The court revoked Reyes-Barreto's previous supervised release term, noted its consideration of the factors enumerated in 18 U.S.C. § 3553(a), and imposed a sentence of twelve months' incarceration and three years of supervised release. Before us,

Reyes-Barreto challenges only the reasonableness of his incarcerative sentence.

## II.  Mootness

Reyes-Barreto was released from incarceration roughly a month after he filed his opening brief in this appeal.  There, he did not address whether his release would moot the appeal, and he did not file a reply brief.  The government moved for summary dismissal based on mootness; that motion was denied without prejudice, and the government again pressed the argument in its principal brief.

In its argument for mootness, the government relies primarily on our decision in United States v. Suarez-Reyes ("Suarez"), 910 F.3d 604 (1st Cir. 2018).  The facts at issue in Suarez map closely, but not perfectly, onto Reyes-Barreto's circumstances.  Suarez was a citizen of the Dominican Republic; he was caught in January 2017 on board a vessel heading to the United States, and his entry was not authorized.  Suarez, 910 F.3d at 605.  Suarez had previously served a year-and-a-half in a United States prison for using a telephone to facilitate a drug-trafficking offense, and he was deported after that sentence was complete.  Id.  A grand jury indicted him for unlawfully attempting to enter the United States after removal following an aggravated felony conviction.  Id.  Suarez pled guilty and was sentenced to

twenty-one months in prison plus three years of supervised release. Id.

Suarez appealed his custodial sentence, and his appeal was pending when he was released in late-July 2018. Id. Like Reyes-Barreto, Suarez had filed his opening brief before his release, and he did not address his appeal's looming potential mootness. The government filed its brief the day after Suarez's incarceration ended and argued that his release mooted the appeal. Id. Also like Reyes-Barreto, Suarez filed no reply.

The unanimous panel observed that, "[w]e have noted before that, in some circumstances, silence speaks volumes. So it is here: there appears to be no satisfactory answer to the mootness argument." Id. at 606 (citation and internal quotation marks omitted). The heart of the opinion is this:

> Here, however, the defendant does not profess to have suffered any collateral consequences attributable to the alleged sentencing errors. Vacating the defendant's custodial sentence would, therefore, be an empty exercise. That sentence has been fully served and there is no way to turn back the clock. Of course, the defendant remains on supervised release, and a determination that a defendant served too long a period of imprisonment might warrant an equitable reduction in the length of his supervised release. But (perhaps because he is now in custody awaiting deportation), the defendant makes no argument to this effect. It follows inexorably—as night follows day—that the defendant no longer has a legally cognizable interest in the outcome of his appeal. Consequently, his appeal is moot.

Id. (emphasis added) (internal citations omitted).

Suarez is distinguishable from this case in a crucial respect: this defendant is at no conceivable -- let alone immediate -- risk of deportation; he has served his incarcerative term, and he is presently serving his term of supervised release. In Suarez, the defendant was facing imminent deportation and therefore had no stake in any theoretical future reduction of his supervised release. See also United States v. DeLeon, 444 F.3d 41, 55 (1st Cir. 2006) (finding the supervised release issue moot in part because the defendant "who [wa]s in immigration custody and facing imminent deportation from the United States, w[ould] never be subject to the supervised release portion of his sentence"). But the government asks us to take the view that, in Suarez, the defendant's immigration status was inconsequential, and that his failure to argue that his appeal was not moot necessarily meant that he lacked any interest in its disposition.

Previous decisions in this context dictate otherwise. As we noted in our order denying the government's motion for summary dismissal, although he has been released and contests only his incarcerative sentence, Reyes-Barreto absolutely has a stake in the outcome of this appeal. If we were to determine that his incarcerative sentence was unreasonable, he could seek equitable relief by way of a motion to modify the terms of his supervised release. 18 U.S.C. § 3583(e)(2). Or, Reyes-Barreto might file a

motion to terminate his supervised release early. 18 U.S.C. § 3583(e)(1); see, e.g., United States v. Johnson, 529 U.S. 53, 60 (2000); United States v. Carter, 860 F.3d 39, 43 (1st Cir. 2017); United States v. Prochner, 417 F.3d 54, 59 n.4 (1st Cir. 2005); United States v. Molak, 276 F.3d 45, 48 (1st Cir. 2002). Our decision in Suarez itself acknowledges that "a determination that a defendant served too long a period of imprisonment might warrant an equitable reduction in the length of his supervised release." 910 F.3d at 606.

The government contends that Suarez nonetheless binds us to deem this case moot, and that in Carter, Prochner, and Molak, the defendants each "either . . . advanced an argument as to his supervised release term or there was another aspect of the sentence that the defendant was challenging." Specifically, the government submits that the Carter defendant "argued in his brief that the district court may impose a shorter period of supervised release . . . should he prevail in his guidelines misapplication claim," the Prochner defendant "challenged his supervised release conditions and the restitution order against him," and the Molak defendant "contested the amount of the restitution order against him." But in Johnson, the Supreme Court said this:

> There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term. The statutory structure provides a means to address these

concerns in large part. The trial court, as it sees fit, may modify an individual's conditions of supervised release. § 3583(e)(2). Furthermore, the court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Respondent may invoke § 3583(e)(2) in pursuit of relief; and, having completed one year of supervised release, he may also seek relief under § 3583(e)(1).

529 U.S. at 60. The government offers no compelling reason for us to conclude that Reyes-Barreto's failure to file a reply and argue in favor of our subject-matter jurisdiction sets aside his right to seek relief pursuant to either of the above subsections of 18 U.S.C. § 3583(e). Accordingly, in line with our precedent, we find that this case is not mooted by Reyes-Barreto's release. See, e.g., Carter, 860 F.3d at 43.

### III. Reasonableness

Although the appeal is not moot, we are at ease concluding that Reyes-Barreto's sentence was both procedurally and substantively reasonable. "Our review of a sentencing appeal is bifurcated. '[W]e first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable.'" United States v. Arce-Calderon, 954 F.3d 379, 381 (1st Cir. 2020) (quoting United States v. Abreu-García, 933 F.3d 1, 4 (1st Cir. 2019)). We review the district

- 8 -

court's sentence upon revocation of supervised release for abuse of discretion.[1] See United States v. Wright, 812 F.3d 27, 30 (1st Cir. 2016).

Regarding procedural reasonableness, the district court properly calculated Reyes-Barreto's guidelines range, considered the 18 U.S.C. § 3553 factors and the parties' recommended sentences, and imposed a sentence with a reasoned explanation and an emphasis on deterrence of future violations. In so doing, the district court fulfilled its procedural obligations. See United States v. Laureano-Perez, 797 F.3d 45, 80 (1st Cir. 2015) (describing the procedural "roadmap" that sentencing judges must follow). Reyes-Barreto contends that the district court improperly sought to punish him for new criminal conduct, but he does not explain how it did so, there is no evidence of impermissibly punitive motive in the record, and we can discern no other procedural error.

As for substantive reasonableness, when the sentencing court provides a plausible sentencing rationale and the overall

---

[1] The government argues that we should subject the sentence's procedural reasonableness to only plain error review on the theory that the issue was not preserved below. After the district court announced its sentence, Reyes-Barreto's counsel said, "I need to preserve an objection to the substantive and unreasonableness (sic) of the sentence[.]" Perhaps counsel intended to say "substantive and procedural unreasonableness." Whatever happened, we need not fret over the proper lens; in this case, the sentence was procedurally reasonable even when examined for abuse of discretion. See Arce-Calderon, 954 F.3d at 382 n.4.

result is defensible, we uphold the sentence. Arce-Calderon, 954 F.3d at 383; see also United States v. Vixamar, 679 F.3d 22, 31-32 (1st Cir. 2012). The district court sentenced Reyes-Barreto to a period of incarceration that was three months longer than the high end of his guidelines range, to which the court was not bound. See United States v. Tanco-Pizarro, 892 F.3d 472, 482 (1st Cir. 2018). Given Reyes-Barreto's serial violations, the fact that the court imposed a sentence that was far shorter than the statutory maximum, and that the court explained its reasoning in detail, we conclude that the sentence was perfectly defensible, and that its duration was no abuse of discretion. See Vixamar, 679 F.3d at 35.

## IV. Conclusion

For the reasons set forth above, we hold that Reyes-Barreto's sentence was both procedurally and substantively reasonable. **Affirmed.**