# United States Court of Appeals
## For the First Circuit

Nos. 23-1204, 23-1205

UNITED STATES,

Appellee,

v.

KALEL JORELL MARTÍNEZ-BRISTOL,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Gelpí, Lynch, and Montecalvo, Circuit Judges.

Raymond Sánchez Maceira on brief for appellant.
Gregory B. Conner, Assistant United States Attorney, W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

April 1, 2025

**LYNCH**, **Circuit Judge**.  In these consolidated appeals, Kalel Martínez-Bristol challenges his 46-month sentence imposed in 2023 after he pled guilty to possession of a firearm and the 15-month sentence imposed for violation of his supervised release terms stemming from his conviction of a federal felony in 2011. Martínez has waived any appeal from his felon-in-possession conviction and sentence by failing to brief those issues in this court.  As to the sentence for a grade A violation of his supervised release, we hold there was no error.

**I.**

On June 24, 2021, Martínez was indicted by a federal grand jury on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a machinegun in violation of 18 U.S.C. § 922(o). Because Martínez was on federal supervised release for a 2011 drug conspiracy conviction, revocation proceedings were initiated.  The two cases were consolidated before the judge who had heard his 2021 case.

Martínez pled guilty to the new indictment as to the felon-in-possession count on September 9, 2022.  Martínez in due course received the presentence report on November 10, 2022.  The report identified the firearm Martínez had been charged with possessing as a pistol with "a visible machinegun conversion device, commonly known as 'Chip[,'] attached to the rear of the

slide."  The report also calculated Martínez's base offense level as 22 because the offense involved a firearm that is described in 26 U.S.C. § 5845(a), which includes machineguns but not "a pistol or a revolver having a rifled bore."[1]  See 26 U.S.C. §§ 5845(a)(6), (e).  Martínez did not object to the presentence report.  On February 6, 2023, the district court sentenced Martínez to 46 months' imprisonment for his felon-in-possession conviction, the low end of the guidelines range.[2]  During the sentencing hearing, the district court stated that Martínez's offense involved possession of "one Glock pistol . . . that had a visible machinegun conversion device, commonly known as a chip, that was attached to the same."  The district court asked Martínez if the sections of

---

[1]    The weapons identified in § 5845(a) include:

(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer . . . ; and (8) a destructive device.

26 U.S.C. § 5845(a).

[2]    On March 27, 2024, on Martínez's motion, his sentence on this conviction was reduced to 37 months' imprisonment based on the retroactive application of a reduction in the relevant guidelines range by the United States Sentencing Commission.

the presentence report describing the offense were correct, and Martínez responded that they were.

As to the separate supervised release violation, the government argued that because a machinegun was involved it was a Grade A violation, which carried a guidelines sentence of 12-18 months, while Martínez argued for a Grade B violation, which carried a guidelines sentence of 4-10 months. Martínez's attorney purported to express surprise, claiming he "was under the impression that the Government was going to argue . . . that [Martínez] has committed a grade B violation" and sought a continuance. The district court granted the continuance and scheduled the revocation hearing for three days later without any objection from counsel.

At the continued hearing three days later, Martínez attempted to argue there was no evidence that the gun Martínez possessed was a machinegun and so a grade A violation was inappropriate. The government pointed out that the description of the gun as a machinegun was in the unobjected-to presentence report in the 2021 criminal case. In light of this disagreement, the district court adjourned the hearing for an hour to permit the government to present expert testimony about whether Martínez's firearm met the definition of a machinegun. Before adjourning, the district court presented Martínez with three options: to have the Government's expert testify and be subject to cross-

examination, to take the expert's testimony via proffer and subject the expert to cross-examination, or to accept the Government's proffer without cross-examining the expert. Martínez chose the second.

The hearing resumed an hour later. The government proffer showed that an ATF special agent had performed a visual review and "dry test" of Martínez's firearm and determined that the pistol was a machinegun. The government then moved the agent's report and photographs of the pistol into evidence. Martínez's attorney acknowledged that he received those documents during discovery prior to the guilty plea on September 9, 2022, approximately five months before the revocation hearing.

The district court then asked Martínez's attorney whether he wanted to cross-examine the Government's witness, but Martínez's attorney declined, stating he was not ready to do so.

The district court determined that Martínez committed a Grade A violation and sentenced him to 15 months' imprisonment, consecutive to Martínez's sentence in his 2021 case.[3]

---

[3] Martínez was released from incarceration in February 2025. However, he is currently serving a term of supervised release. Martínez "thus continues to have a stake in the outcome of this appeal because 'if we were to determine that his incarcerative sentence was unreasonable, he could seek equitable relief." See United States v. Delgado, 106 F.4th 185, 191 n.2 (1st Cir. 2024) (quoting United States v. Reyes-Barreto, 24 F.4th 82, 85 (1st Cir. 2022)).

Martínez has not identified any error with or advanced any argument as to his § 922(g)(1) conviction and sentence and so has waived that issue. See United States v. Crocco, 15 F.4th 20, 25 (1st Cir. 2021) ("[A]rguments[] not raised in his opening brief[] are waived.").

As to the revocation sentence, Martínez argues to us on appeal, but did not argue before the district court, that his due process and limited confrontation rights were violated. At most, then, our review of this issue would be for plain error. See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015). We hold that there was no error at all.

As we have made clear, Martínez had, and did not object to, the evidence that the firearm at issue was a machinegun at least five months before he attempted to raise the issue during the supervised release revocation hearing. Beyond that, trial courts have "broad discretion" when "ruling on motions for continuances." United States v. Delgado-Marrero, 744 F.3d 167, 195 (1st Cir. 2014) (citation omitted). "While that discretion is limited by a defendant's constitutional rights to testimony by defense witnesses and effective assistance of counsel, 'only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the

assistance of counsel.'"  Id. (citations omitted) (quoting United States v. Maldonado, 708 F.3d 38, 42 (1st Cir. 2013)).

Nor does Martínez even attempt to show that there was any prejudice.  The government's evidence was more than sufficient to establish the gun he had in his possession was a machinegun.

We reject Martínez's appeals and affirm the judgments below.